UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15 day of April, two thousand five.

PRESENT:

    HON. WILFRED FEINBERG,
    HON. ROBERT D. SACK,
    HON. ROBERT A. KATZMANN,

            Circuit Judges.

------------------------------------------------

PAUL R. LOWE and NADINE CARTWRIGHT-LOWE, P/P/A PAUL LOWE, JR.,

            Plaintiffs-Appellants,

    - v -                      No. 04-2191

CITY OF SHELTON, SHELTON BOARD OF EDUCATION, SHELTON HIGH SCHOOL, DONALD RAMIA, BETH SMITH, DEBORAH KELLER,

            Defendants-Appellees.

------------------------------------------------

| | |
|---|---|
| Appearing for Appellant: | Ikechukwu Umeugo, Umeugo & Associates, P.C., West Haven, CT. |
| Appearing for Appellee: | Karen Baldwin Kravetz, Susman, Duffy & Segaloff, P.C. (Thomas E. Katon, Jesse A. Langer, of cousel), New Haven, CT. |

ISSUED AS MANDATE: MAY - 9 2005

Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

Plaintiffs-appellants Paul Lowe and Nadine Cartwright-Lowe appeal from the district court's grant of summary judgment to the defendants-appellees. Plaintiffs-appellants claim that the district court erred in granting summary judgment to defendants-appellees because, plaintiffs-appellants assert, there were genuine issues of material fact on all claims and the judge improperly made findings of fact in ruling on defendants-appellees' motion.

This Court reviews a district court's grant of summary judgment <u>de novo</u>, and draws all inferences in favor of the non-moving party. <u>Property Asset Mgmt., Inc. v. Chicago Title Ins. Co., Inc.</u>, 173 F.3d 84, 86 (2d Cir. 1999). A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "On appeal, we may affirm a district court's grant of summary judgment on any ground upon which the district court could have rested its decision." <u>Santos v. Murdock</u>, 243 F.3d 681, 683 (2d Cir. 2001).

We conclude that plaintiffs-appellants' contentions are meritless. Plaintiffs-appellants did not produce evidence that would support a rational inference that any of the defendants-appellees acted with a discriminatory intent, or that they acted based on the content or viewpoint of the speech in question. Plaintiffs-appellants further failed to demonstrate that Paul Lowe, Jr., had a property interest in creating an official jazz club at Shelton High School. <u>See</u> <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577 (1972). The district court correctly found that the plaintiffs-appellants had failed to raise a genuine issue of material fact as to any of their federal statutory or constitutional claims.

Summary judgment was properly granted on plaintiffs-appellants' pendent state law claim, intentional infliction of emotional distress, because plaintiffs-appellants did not raise a genuine issue of material fact as to whether Paul Lowe, Jr., suffered harm.

Summary judgment was appropriate on the conspiracy claim because plaintiffs-appellants did not allege the claim with specificity. See Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). Moreover, because plaintiffs-appellants failed to produce any evidence to support their claim that the defendants-appellees intended to discriminate against Paul Lowe, Jr. or deny him freedom of speech on a prohibited ground, plaintiffs-appellants also failed to produced evidence to support an inference that they agreed to do so.

We have reviewed plaintiffs-appellants' other arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*    Date: 4/16/05

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Angela [Mester]*
DEPUTY CLERK